UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW E~~NGLAND REGION~~
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
~~ATHENAHEALTH, INC.
311 ARSENAL STREET~~
WATERTOWN, MA 02472

    Defendants.

---

## VERIFIED COMPLAINT AND RACIAL DEMAND

### FACTS

1. Around three years ago I was working as a Day Porter, and I was offered a position as a Housekeeping Supervisor at Atrium Mall. I accepted this position, and provided the Property Manager Corinne Mueller the required two weeks noticed. Ms. Mueller congratulated me on the position, and told me that if things did not work out, the doors were open for me to return to the property. Six months after, I was promoted to Assistant Manager at Atrium Mall and six months after, I was promoted to Manager of the Chestnut Hill Mall. Five months from this date, DTZ UGL-UNICCO lost the contract with this property, and I did my best to keep my job. I was offered a position as a supervisor for a different area within the property with a 2:00pm to 10:00pm, Monday through Friday schedule. I accepted this position and all UNICCO had to do was to officially transfer my title. To my surprise, Mr. Lou Amaral , Director of Operations at DTZ UGL-UNICCO and Mr. Antonio Costa who worked as an Office Manager for Athena Health, one of the 27 tenants at the Arsenal on the Charles property both opposed strongly to me being named supervisor. This was to the extent that Mr. Amaral and his assistant, Vince Pires informed Ms. Mueller that I could not work on such property because supposedly I had tried to attack Ms. Gloria Carpio, the manager at that time and there was an investigation with human resources. Ms. Mueller contacted UNICCO and questioned how it was possible

```
              UNITED STATES DISTRICT COURT
             FOR THE DISCTRIC OF MASSCHUSSETTS
```

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

    that she was never informed of this supposed incident. At the same time, Ms. Mueller requested from UNICCO's human resource department, a copy of this report. Meanwhile, Ms. Mueller never received a copy of this report, because the incident never happened and for that matter there was no report. This was just a lie that Mr. Amaral and Mr. Costa made up, so that I was denied access to the property.

2. As a result of this, Ms. Mueller communicated to UNICCO that I was to start working the following week, dated to September 1, 2008. Your Honor, there was a plot between Mr. Amaral and Mr. Costa to use lies in order to prevent me from working at this property, although the property managers wanted me for my honesty, responsibility and work ethic.

3. Meanwhile, I will attempt to superficially describe the property of Watertown in regards to my work area, which was the cleaning and maintenance of this property. At that time, the Arsenal on the Charles property was composed of 27 tenants, including Harvard who was the owner at that time, in about 900,000sq ft. that needed to be cleaned and taken care of. There were three supervisors on site, Mr. Hector Flores who was responsible for the 70,000 sq ft that pertained to Harvard, Mr. Vital DaSilva who was responsible for the 120,000 sq ft that pertained to Athena Health and lastly myself who was responsible for the approximately 700,000 sq. ft. left in the property.

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

4. As you may have noticed, Your Honor, and I will also note later on this document, I was not responsible for overseeing or in charged of anything related to Athena Health; this property had its own supervisor. I mention this, because Athena Health was managed by Mr. Acosta, the same individual that who strongly opposed to me becoming a supervisor for the Arsenal on the Charles because of my skin color and my deficiency in English.

5. Attach to this document, you will find a series of emails (exibitions) that will help clarify and provide with a better understanding of the situation. Below, I make reference to what the context of these emails is:

    A. Email #1
I sent this email to the manager and my immediate supervisor at the time, Alex Peña. I mentioned the existence of three supervisors on the Arsenal on the Charles property.

    B. Email #2
I reiterated the problems that were directly affecting me and I blame this on Athena Health's supervisor.

    C. Email #3
I addressed and reported on the existing situation with the supervision of Athena Health's, which UNICCO did not resolve.

    D. Email #4

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

In this email I addressed Mr. Costa's efforts to try to push me to leave my job on the property, even though I was not involved in any way with Athena Health.

    E. Email #5

This email was sent to UNICCO's Vice-President of Human Resources Arthur Musking and Senior Director of Human Resources David Gomez, in which was described Mr. Amaral's aggressive demeanor towards me, and his response. Mr. Amaral was on a mission to get me out of the Arsenal on the Charles property under orders from Athena Health's supervisor Mr. Costa. It is important to note that Mr. Alex Peña, my direct supervisor at the time, was present and witnessed when this argument happened.

    F. Email #6

This was a direct response from UNICCO's Human Resource Director Ms. Roberta Newcomb to the email I sent to Mr. Musking.

    G. Email #8

On this email I addressed a meeting I attended, in which Ms. Carol Ambert, who served as a translator, only translated what was important and convenient to UNICCO. At the same time, it was an attempt to use my words against me in the continuous effort to get me out of the property.

    H. Email #10

In this email I referred the 90 hours cut to the payroll I managed at that time. The employees I managed and myself, were getting paid

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

for fewer hours, but had the same amount of work to do. Later on, another 35 hours were cut from the payroll. This was another effort to try to get me to quit my job, by giving me more work and the same pay. I managed to continue to do my work, because even though there were people with a plan to get me out, I still managers supporting me and I did not want to disappoint them.

    I. Email #13

On August 29, 2011 early in the morning, I was headed to the doctor with serious symptoms to addressed provoked by mi diabetes. I received a phone call from Mr. Alex Peña, in which he informs that that I had to present to the UNICCO office immediately. I informed Mr. Peña that I was on my way to my doctor's office and that my work schedule is 2:00pm to 10:00pm and I will be available during those times. Mr. Peña informed me that he was going to contact his boss and would call me back. Five minutes later, Mr. Peña called me back, and informed me that if I did not show at the UNICCO office during these hours, I was not allowed to enter the Arsenal on the Charles property. I immediately became concern because I felt that my job was at risk and is through this job that I am able to afford health insurance and the medications to keep my diabetes under control. At the same time, I did not have an interpreter and reached out to my daughter Ana Araujo, who had to leave her job to attend this meeting with me to help me.

As you may have noticed Your Honor, at this point I have exhausted all the resources I had to in order to have a respectful and peaceful work environment. This great country is based on honesty and

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

responsibility, but most importantly on the truth. I believed that my last resource in UNICCO was to inform the UNICCO's President Mr. George Ketches of everything that had been happening with me, all the discriminatory acts against me, the abuse I was suffering and the struggle of trying to mediate the situation with my superiors, but nobody addressing the issue.

    J. Email #14

In this email I try to reach out to UNICCO's president Mr. Ketches in an attempt to find a solution to the situation. I sent this email with the hope something would change, but it only made the situation worse with Mr. Amaral.

    K. Email #15

On August 29, Ms. Newcomb communicated me, in the presence of Mr. Peña and my daughter Ms. Ana Araujo who was serving as a translator, that I was being transferred to Chelsea, effective immediately, with the same hours and wage. Even though the news of my sudden transfer was shocking to me, it was being told by Ms. Newcomb that I was not allowed to return or step foot at the Arsenal on the Charles property in Watertown. Furthermore, she informed me that Mr. Peña would be picking up my belongings. I was treated like a criminal or a felon. This email also addressed my feelings in regards to being transferred to be under direct supervision of Mr. Amaral, who was the same person who had created a miserable work environment for me and had an attempted to attack me.

    L. Email #16

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

In this email I addressed the illegal and inappropriateness of my expulsion as well as the hunt against my family, who continued to work at the Arsenal on the Charles property after I was transferred.

    M. Email #17

There was a threat against my son Alfredo Araujo Olivo by the manager appointed by Mr. Amaral. This threat was communicated to the human resource department at UNICCO, and nothing was done on the matter. Due to this, my son was force to leaving the job due fear of being physically attacked.

    N. Email #18

From now on, the situation at work became worst. When Mr. Amaral's previous attempt to try to push me to quit my job failed, he then changed my work schedule and switched me amongst work sites. At this point, the new work schedule made it very difficult for me to scheduled necessary doctors appointments to monitor my diabetes.

    O. Email #19

In this email I contacted UNICCO's human resource department in an attempt to address the changes to my work schedule. I explained to them the importance of making these appointments since I suffer from diabetes. But as usual, nothing was done on the matter and my needs appeared not to be important.

    P. Email #20

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

    In this email is captured the biggest discriminatory act of all against me, and my attempts to still try to find a possible solution to the situation. All I wanted was to do my work and to make a living for my family and me. Not only this, but my job allowed me to afford to have a health insurance, which was a major necessity for me since I suffer from diabetes.

Your Honor, once I realized that there were no efforts being done at UNICCO to address the problem, I reached out to the Commonwealth of Massachusetts Commission Against Discrimination (MCDA) on December 6, 2011. During this process, there was one meeting held in which my daughter Ms. Araujo served as a translator.

    Q. Email #21
Ms. Araujo had been working as a part-time janitor for UNICCO for about three years at the Arsenal on the Charles property. After leaving this meeting, Ms. Araujo went straight to her part-time job, and was informed by UNICCO's Account Manager Mr. Mario Guy, that she had received a complaint at work (first time she ever received one) and needed to be transferred to work on another building. The property manager at Watertown informed me that such complaint was not true and it was all a lie. This was just a way of retaliating against my daughter, because she served as a translator was helping me in the process.

    R. Email #21 & #23
This email was to address hours that I worked, and until this day, I still have not been paid for.

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

    S. Email # 25

Human Resource (HR) changed my work location from a metropolitan area (Watertown) to a suburban area (Framingham), I expressed my concerns to HR regarding the changed and how this affected my health.

    T. Email # 27
Another email was sent to HR (Human Resources) regarding my concerns on the subject of change of location and I did not receive a response from HR.

    U. Email # 29
I received an answer from HR.  Stated on the email, if I do not report to Framingham, I will lose my job and all the benefits (Medical and Dental insurance).

    V. Email # 30
HR specified some instructions regarding my new location.

    W. Email # 31
Please review this email for more arguments.

    X. Email # 33

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

    Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

    Defendants.

---

HR changed work hours (schedule) and days off. In addition, HR did not take into consideration at the time of the change that I was the Senior Supervisor.

    Y. Email # 24
RETALIATION: An email was sent requesting DTZ UGLR to pay for the /hours I did. In return, I was transferred to new job location (Framingham).

    Z. Email # 25
Serve as evidence of the negative result from my economic situation to the stability of health due to the job location from a metropolitan area to the suburban.

    AA.    Email # 29
Mr. John Barros inform me that if I do not report to the new job location (Framingham), I could lose my job and benefits and I sent an email to HR informing that this is an illegal change from a metropolitan area to the suburban.

    BB.    Email # 30
Discrepancy between HR and Mr. John Barros (Director of Operations, New England Region) regarding how this situation was handled.

    CC.    Email # 31

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

This email presents the unprofessionalism, humiliation, degrading treatment from HR to my persona (an employee) because of the request of payment of hours I worked.


      DD.    Email # 33
Change of work hours (schedule). I was not the only supervisor available, however, I was the senior supervision and that was not taken into consideration when HR changed my work hours (schedule). All these sudden changes came from orders of Mr. Armando with the thought of that all these changes will come to the conclusion of me quitting the job instead of firing me. August 29, 2011, a communication (A-B-C) was sent to regarding new job location stating I will remain with the same hours (2:00 PM - 10:00 PM) and position (supervisor). This never happened. Instead, I was working as carpenter, new work location (Chelsea, MA), another new job location (Mellon Bank -Everett, MA) with new work hours (7:00 AM to 4:00 PM) as a regular cleaner. After few weeks into this location, I received a new work location (Mellon Bank - Boston, MA) with new work hours (8:00 AM - 5:00 PM) with a new non-formal position of electrician/facility. Please note: I did not receive a formal Job offer; I was informed to report to the new locations. February 2012 (email sent??), I sent another email requesting pay for the hours I worked and I received answer of a new work location (Framingham, MA) with new work hours. Moreover, 3 weeks into the new location, I received a formal Job Offer form Mr. John Barros. The job offer consisted of a new location (Faneuil Hall - Boston, MA), my original position (supervisor), and

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

       Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

       Defendants.

---

hours (2:00 PM - 10:00 PM). A month into the new job, without a surprise my hours were changed (Monday, Tuesday and Wednesday - 7:00 AM - 3:00PM, Friday and Saturday - 3:00 PM to 11:00 PM). There are six other supervisors beside me at Feneuill Hall and again, HR did not take into consideration or respect the fact that I was the senior supervisor when they made the decision to only change my hours. Please note, I am the only supervisor without consecutive days off (Thursday and Sunday). Before this change, I used to attend religious events on Saturday and Sunday. I communicated this to HR and they responded with letter "E".

6. The response from UGL to the MCAD (The Commonwealth of Massachusetts Commission Against Discrimination) regarding my arguments of discrimination that I was removed from my original job (Senior Supervisor - Watertown, MA) was because administrative reasons. However, this sudden change only happened to me because the other two supervisor at Watertown still there (present time).

7. Harvard University offers a group of scholarships and courses for employees that would like to increase their knowledge, but because I was transferred out of the property on orders of Mr. Lou Amaral and Mr. Antonio Costa, I lost the scholarship and the possibility of graduation since I cannot afford the courses without on my own.

8. As stated before, in my original job (Watertown, MA), I in charge of taking care of 25 tenants 90 % of the property, in which I

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

    never received a complaint regarding my job, until athenahealth decided with their discriminatory actions that they did not want me as the supervisor in such property and I was transferred.

9. Mr. Costa obsession with my persona came to a point that he was violating the policy on submitting the work order request to the management office (Beal Inc.), instead he went directly to UGL. The correct channel should be tenant to management office to UGL.

    10.    Email # 7
As my last recourse, I sent an email the President/CEO of athenahealth Mr. Jonathan Bush explaining the situation involving one of his employees (Mr. Antonio Acosta) because UGL did not do anything to solve these circumstances and for a solution to stop Mr. Acosta's actions. Few weeks after the email was sent to Mr. Bush, Mr. Costa's actions become more aggressive. Please note, up to this date (12/22/2013) I have not received a respond from Mr. Bush or athenahealth regarding this matter.

Moreover, the responses that athenahealth provided to MCAD were unclear and false accusations. athenahealth argues that they have a video of me committing inappropriate actions in December 2008, which to date they have not disclosure to me or MCAD. At the same time I requested for them to show the video of everyone else for that night.

Furthermore, athenahealth argues that they took my access to their premises because of an event that never happened. In addition, such event according to athenahealth happened in 2008 but the submitted the

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

request on 2011. I provided the access card to athenahealth before they requested it because as mentioned before athenahealth had their own supervisor.

athenahealth argues that it was my fault of an event that happened during the day where a female cleaner was cleaning a male bathroom inappropriately. This is false argument, because I was the supervisor for the night cleaning crew, not the morning crew, just to clarify, the management office (Beal Inc.) is in charge of the morning crew. Beal Inc.'s office hours are from 8:00 AM to 5:00 PM.

CLOSING ARGUMENT

These past three years has tested my work ethics, values, morals and overall belief that if a person works hard and is honest they can conquer all. Facing this situation has compromised that belief. I am a hard-working, responsible and honest man. I feel that I have been prosecuted for having these qualities. I was discriminated against for the simple fact that I am a dark skin immigrant man, whose hopes and dream is to obtain the American dream.

In the work environment we encounter all types of people, and it is normal to have difference with some of these people. However, our personal values and beliefs should not get on the way of how a person performance at work. In my case, I tried to utilize the resources around me to address a situation that was affecting my work performance. I feel that DTZ - UNICCO a company that I have worked for over eleven years and in which I have grown as a professional did

UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF MASSCHUSSETTS

---

ALFREDO ARAUJO
96 WELLSMERE ROAD
ROSLINADALE, MA 02131

      Plaintiff,

v.

DTZ - UGL UNICCO - UNICCO OPERATIONS,
NEW ENGLAND REGION
275 GROVE STREET SUITE 3-200
ARBUNDEL, MA 02466
ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

      Defendants.

---

not protect me as an employee regarding this situation.  Rather, DTZ-UNICCO preferred or believed the tenant over their employee.

Although, I strongly feel that the emotional, physical and mental damage that I have suffered as a consequences of dealing with this situation is priceless; obtaining monetary compensation can help alleviate the border this situation has brought upon my family and I. I am seeking a monetary compensation of $1,000,000USD from DTZ-UNICCO and $500,000USD

The monetary compensation that I am seeking cannot repair my broken soul and spirit.  Rather, I am hoping to provide my family with financial stability and hopes of alleviating the burden that it has been dealing with this situation.

*Alfredo Araujo*
*96 Wellsmere Road*
*Roslindale, MA 02131*

*[signature]*

*12/23/13*